IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:93-CR-16-BO

| | | |
|---|---|---|
| DAVID ELIJAH SMITH, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
|     Respondent. | ) | |

Before the Court is Petitioner David Elijah Smith's filing entitled "Motion Pursuant to Amendment 599 U.S.S.G., 18 U.S.C. § 3582(c)-(2)" [DE 151] as well as the Government's Motion to Dismiss [DE 154]. For the following reasons, Petitioner's Motion is DENIED and the Government's Motion is GRANTED.

## I. BACKGROUND

Petitioner moves the Court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence. Pursuant to 18 U.S.C. § 3582(c)(2), in pertinent part, a defendant may move the court to reduce his term of imprisonment if the sentencing range upon which the defendant's sentence was based has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).

In this case, Petitioner claims United States Sentencing Guidelines Amendment 599 allows for a two-level reduction in his sentence based on an enhancement the Court imposed for Petitioner's possession of a dangerous weapon during his drug crimes.

Petitioner's argument is without merit.

## II. **DISCUSSION**

Amendment 599 modifies Application Note 2 ("Note 2") to U.S.S.G. § 2K2.4, which governs sentencing for § 924(c) offenses. As is relevant here, Amendment 599 modified Note 2 to include the following language:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). . . .
>
> If the explosive or weapon that was possessed . . . in the course of the underlying offense also results in a conviction that would subject the defendant to an enhancement under . . . § 2K2.1(b)(5)(pertaining to possession of any firearm or ammunition in connection with another felony offense), do not apply that enhancement. A sentence under this guideline accounts for the conduct covered by th[at] enhancement[ ] because of the relatedness of that conduct to the conduct that forms the basis for the conviction under § 924(c). . . . For example, if in . . . addition to a conviction for an underlying offense of armed bank robbery, the defendant was convicted of being a felon in possession under 18 U.S.C. § 922(g), the enhancement under § 2K2.1(b)(5) would not apply.

U.S.S.G. App. C, amend. 599 (internal quotation marks omitted).[1]

In this case, however, Petitioner received a two-level enhancement pursuant to United States Sentencing Guidelines Section

---

[1] The modifications to Note 2 enacted in Amendment 599 now appear in Application Note 4 to U.S.S.G. § 2K2.4.

2

2D1.1 for possession of a dangerous weapon during the commission his drug offense. Thus, Amendment 599 does not apply and the Petitioner is not entitled to relief.

### III. CONCLUSION

Based on the foregoing, the Government's Motion [DE 154] is GRANTED. Petitioner's Motion is DENIED [DE 151].

DONE AND ORDERED, this *10* day of June, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3